CLERK'S OFFICE U.S. DIST COURT
AT CHARLOTTESVILLE, VA
FILED
SEP 29 2006
JOHN F. CORCORAN, CLERK
BY:
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
DANVILLE DIVISION

| | | |
|---|---|---|
| SANDRA J. TAYLOR, | ) | CASE NO. 4:06CV00018 |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | REPORT AND RECOMMENDATION |
| | ) | |
| | ) | |
| JO ANNE B. BARNHART, Commissioner | ) | By: B. Waugh Crigler |
| of Social Security, | ) | U. S. Magistrate Judge |
| | ) | |
| Defendant. | ) | |

This challenge to a final decision of the Commissioner which denied plaintiff's April 19, 2004 claim for a period of disability and disability income benefits under the Social Security Act (Act), as amended, 42 U.S.C. §§ 416 and 423, is before this court under authority of 28 U.S.C. § 636(b)(1)(B) to render to the presiding District Judge a report setting forth appropriate findings, conclusions and recommendations for the disposition of the case. The questions presented are whether the Commissioner's final decision is supported by substantial evidence, or whether there is good cause to remand for further proceedings. 42 U.S.C. § 405(g).[1] For the reasons that follow, the undersigned will recommend that an order enter AFFIRMING the Commissioner's final decision, GRANTING the Commissioner's motion for summary judgment and DISMISSING this action from the docket of the court.

In a decision eventually adopted as a final decision of the Commissioner, an Administrative Law Judge (Law Judge) found that plaintiff, who was 50 years old with a high school education and past relevant light, semi-skilled work as a weaving machine operator, had not engaged in substantial

---

[1]The Transcript initially filed with the record of this case actually was a record of proceedings in another claim. On June 28, 2006, the Commissioner filed a Supplemental Certification containing the hearing record pertaining to the instant plaintiff. (R. 268-302.)

gainful activity since her alleged date of disability onset, July 1, 2003, met the non-disability requirements of the Act and was insured for benefits at least through the date of his decision. (R. 11-12, 18.) The Law Judge further found that plaintiff had a medical history which was "significant for right rotator cuff repair, left foot plantar fascia release; arthroscopic left knee surgery due to osteochrondral defect, mild osteoarthritic change, and moderate joint effusion; and right ankle small avalusion fracture." (R. 12.) Giving more weight to the state agency medical consultative reports than to plaintiff's treating source, the Law Judge was of the view that plaintiff's impairments were severe, but not sufficiently severe to meet or equal any listed impairment. (R. 12-13, 18.) He further determined that plaintiff suffered a mental impairment which caused "more than a minimal limitation of her ability to perform basic work activity," but that her impairment did not meet or equal the requirements for a listed mental impairment. (R. 13.) Moreover, while finding plaintiff's allegations concerning the effects of her maladies to be "generally credible," he also determined that her symptoms were not severe enough to render her completely unable to work. (R. 14, 18.) Again, assigning weight to the state agency reports assessing plaintiff's residual functional capacity along with her evidence relating to her daily activities, the Law Judge found that while plaintiff was unable to perform her past relevant work, she was able to lift and carry 20 pounds occasionally, 10 pounds frequently; stand and walk 6 hours in an 8-hour workday.[2] (R.15-17, 19.) By application of the Medical-Vocational Guidelines ("grids") to plaintiff's exertional limitations, and by reference to some of the testimony provided by the vocational expert (VE), the Law Judge concluded that jobs were available to her in the economy. (R. 17, 19.) Accordingly, the Law Judge found plaintiff not

---

[2]The Law Judge found that plaintiff could only occasionally climb, balance, stoop, crouch and crawl; had a limited ability to reach overhead with her right arm; and was unable to do any heavy lifting. The Law Judge further determined that plaintiff had additional mental, social, and psychological limitations. (R. 16, 19.)

2

disabled under the Act.

Plaintiff appealed the Law Judge's decision to the Appeals Council. The Appeals Council found no basis in the record or in the reasons the plaintiff advanced on appeal to review the Law Judge's decision. (R. 4-6) Accordingly, the Council denied review and adopted the Law Judge's decision as the final decision of the Commissioner. This action ensued.

The Commissioner is charged with evaluating the medical evidence and assessing symptoms, signs and medical findings to determine the functional capacity of the claimant. 20 C.F.R. § 404.1527- 404.1545; *Hayes v. Sullivan*, 907 F. 2d 1453 (4th Cir. 1990); *Shively v. Heckler*, 739 F. 2d 987 (4th Cir. 1984). The regulations grant some latitude to the Commissioner in resolving conflicts or inconsistencies in the evidence, which the court is to review for clear error or lack of substantial evidentiary support. 20 C.F.R. § 404.1527; *Craig v. Chater*, 76 F.3d 585 (4th Cir. 1996). In all, if the Commissioner's resolution of the conflicts in the evidence is supported by substantial evidence, the court is to affirm the Commissioner's final decision. *Laws v. Celebrezze*, 368 F.2d 640 (4th Cir. 1966).

By the same token, the Commissioner must assess the "combined effects" of all a claimant's impairments "without regard to whether any such impairment, if considered separately, would be of sufficient severity" to render the claimant eligible for benefits. 20 C.F.R. § 404.1523. If a severe combination of impairments is found to exist, "the combined impact of the impairments" is to be considered "throughout the disability determination process." *Id*. It also is well-established that when a Law Judge discredits a plaintiff's testimony, he must give specific reasons that are supported by the record. *Fisher v. Barnhart*, 2006 WL 1328700 * 3 (4th Cir. May 16, 2006); Soc. Sec. R. 96-7p.

Plaintiff contends that the Law Judge did not account for the combined effects of her

multiple impairments in a manner either supported by the substantial evidence or required by the Commissioner's regulations. Specifically, plaintiff asserts that the Law Judge was insensitive to her condition by concluding that she presented with new symptoms once her prior impairments had "improved," and that his decision in this respect had no evidentiary support in view of her continued complaints relating to the effects of her maladies. (Pl.'s Memorandum In Support of Motion For Summary Judgment ("Memorandum"), p 3.) Thus, plaintiff's complaint in this respect is that the Law Judge balkanized her maladies and their effects rather than considering the combined effects as required by the regulations. In addition, plaintiff contends that the Law Judge failed to properly evaluate her pain. In this respect, plaintiff points to her complaints and the corroboration of those complaints by treating sources that she suffered "constant and persistent" pain. (Pl.'s Memorandum, p. 4.)

The Commissioner, on the other hand, contends that the Law Judge properly considered plaintiff's impairments, singularly and in combination, and that the weight he assigned to her subjective complaints is supported by both the medical and lay evidence. (Def.'s Brief In support of Her Motion For Summary Judgment, pp. 11-13.) It seems from the Commissioner's references to the record and by the manner in which the Commissioner has formatted her Brief that the two assertions are linked.

There can be no question, and the Law Judge found, that plaintiff has experienced multiple impairments which, in some cases, have required surgical intervention. In fact the Commissioner acknowledges that plaintiff proved a *prima facie* case of disability, thus shifting the burden to the Commissioner to produce evidence that jobs were available to a person with plaintiff's impairments and their effects. Moreover, if the Law Judge's conclusions about the synergistic effects of her maladies, as well as his determination of her residual functional capacity are supported by

substantial evidence, there is little question in the undersigned's mind that the VE's testimony substantially supports the Law Judge's decision that jobs were available to a person with plaintiff's impairments and their effects, and that she was not disabled.

Plaintiff's assertions, however, do cause the undersigned to pause and consider both the Law Judge's credibility determination and his decision concerning the combined effects of her maladies. First, the Law Judge found plaintiff "generally credible," at least enough to conclude that the effects of her maladies prevented her from returning to her past relevant work which was in the same exertional range as some of the jobs he identified as being available to her. (R. 14, 17, 297-298.) Plaintiff's chief complaint here is that the Law Judge minimized the combined effects of those maladies when he essentially concluded that as each of her impairments were treated and resolved, new, different, "unrelated" but "successive" conditions presented which, though causing pain, only temporarily disabled the plaintiff. (R. 16.) In other words, plaintiff believes the Law Judge balkanized her impairments and considered them separately rather than considering them synergistically. Unfortunately, the very evidence cited by plaintiff to support her contention actually reveals a record basis for the Law Judge's conclusions.

In November 2001, plaintiff underwent a rotator cuff repair. No complications were noted, and there is no indication in the record that she experienced any long-term disability. (R. 218-222.) In October 2003, plaintiff underwent a procedure to correct plantar fascitis. Again, no complications were noted at discharge. (R. 79-80.) In April 2004, plaintiff presented to her treating doctor with knee pain. In May 2004, she underwent arthroscopic surgery on her left knee as a result of which the treating physician opined that plaintiff would be disabled from her then present work

for a period of at least 12 months. (R. 112; 122.)[3] This impairment certainly provides a basis for the Law Judge's conclusion that plaintiff suffered at least "a" severe impairment which prevented her from performing her past relevant work.

In the Spring of 2005, plaintiff was referred for a consultative examination relating to her lumbar spine, the report of which revealed that plaintiff suffered lumbar degenerative disc disease and a bulging disc at L4-5 with no nerve root compression, but with a recommendation against surgical intervention and in favor of pain management at the discretion of the treating doctor. (R. 266-267.)[4] Also, there is evidence that, in 2003, plaintiff suffered "[s]ituational depression and anxiety disorder," during the relevant period, which at one time had been under "poor control," but which improved with medication. (R. 88-94.) There is no indication from any of plaintiff's treating sources as to the degree these mental conditions impacted her ability to perform work-related activities. Further, the record contains two daily activities reports submitted by plaintiff in May and July 2004, respectively, which, as the Commissioner points out, are somewhat inconsistent, the resolution of which inconsistencies laid in the hands of the Law Judge so long as that resolution was supported by substantial evidence. (R. 60-66, 69-75; Def's Brief, p. 16.)

While the undersigned likely would have resolved the inconsistencies in the evidence differently, and on this evidence could have determined their synergistic effects combined to limit plaintiff's residual functional capacity beyond that found by the Law Judge, the undersigned cannot

---

[3]The record contains a compilation of office notes from plaintiff's treating physician beginning January 29, 2002 and running through May 14, 2004 which reveal her experiences with her shoulder, foot, knee and back problems. (R. 112-121.) The undersigned is of the view that these records do corroborate plaintiff's subjective complaints relating to these maladies, but do not necessarily answer the question of whether the combined effects thereof disabled her from all gainful activity.

[4]An MRI on September 9, 2002 revealed a bulging disc without herniating. (R. 124.)

6

say the Law Judge's resolution of those matters and his ultimate determination of her residual functional capacity is either inconsistent with the extant regulations and decisional authorities or is unsupported by substantial evidence.

Accordingly, it is RECOMMENDED that an order enter AFFIRMING the Commissioner's final decision, GRANTING the Commissioner's motion for summary judgment and DISMISSING this case from the docket of the court.

The Clerk is directed to immediately transmit the record in this case to the presiding United States District Judge. Both sides are reminded that pursuant to Rule 72(b) they are entitled to note objections, if any they may have, to this Report and Recommendation within (10) days hereof. Any adjudication of fact or conclusion of law rendered herein by the undersigned not specifically objected to within the period prescribed by law may become conclusive upon the parties. Failure to file specific objections pursuant to 28 U.S.C. § 636(b)(l)(C) as to factual recitations or findings as well as to the conclusions reached by the undersigned may be construed by any reviewing court as a waiver of such objection. The Clerk is directed to send a certified copy of this Report and Recommendation to all counsel of record.

ENTERED: /s/ _____
U.S. Magistrate Judge

9-29-06
Date

7