IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
DANVILLE DIVISION

| | |
|---|---|
| SANDRA J. TAYLOR,<br><br>Plaintiff,<br><br>v.<br><br>JO ANNE B. BARNHART,<br>Commissioner of Social Security,<br><br>Defendant. | Case No. 4:06CV00018<br><br>**MEMORANDUM OPINION**<br><br>By: Jackson L. Kiser<br>    Senior United States District Judge |

Before me is the Report and Recommendation ("Report") of the United States Magistrate Judge recommending that the Commissioner of Social Security's ("Commissioner") final decision denying Sandra J. Taylor's ("Plaintiff") claim for benefits be affirmed. The Plaintiff filed objections to the Report and the Commissioner did not. I reviewed the Magistrate Judge's Report, the Plaintiff's objections, and relevant portions of the Record. The matter is now ripe for decision. For the reasons stated below, I will **ADOPT** the Magistrate Judge's Report and **REJECT** the Plaintiff's objections. The Commissioner's final decision denying Plaintiff's claim for benefits will be **AFFIRMED**, and the case will be hereby **DISMISSED** from the docket of this Court.

I.  STANDARD OF REVIEW

Congress has limited judicial review of decisions by the Social Security Commissioner. I am required to uphold the decision where: (1) the Commissioner's factual findings are supported by substantial evidence; and (2) the Commissioner applied the proper legal standard. 42 U.S.C. § 405(g); *see also Craig v. Chater,* 76 F.3d 585 (4th Cir. 1996). The Fourth Circuit has long

1

defined substantial evidence as "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Mastro v. Apfel*, 270 F.3d 171, 176 (4th Cir. 2001) (quoting *Richardson v. Perales*, 402 U.S. 389, 401 (1971)). In other words, the substantial evidence standard is satisfied by providing more than a scintilla but less than a preponderance of the evidence. *Laws v. Celebrezze*, 368 F.2d 640, 642 (4th Cir. 1966).

The Administrative Law Judge (ALJ) is charged with evaluating the medical evidence, assessing symptoms, signs, and findings to determine the functional capacity of the claimant. 20 C.F.R. §§ 404.1527-404.1545; *Hays v. Sullivan*, 907 F.2d 1453 (1990); *Shively v. Heckler*, 739 F.2d 987 (4th Cir. 1984). The Regulations grant the ALJ latitude in resolving factual inconsistencies and I may only review the factual determinations for clear error. 20 C.F.R. §§ 404.1527 and 416.927.

## II.   ANALYSIS

For the reasons that follow, Plaintiff's objections to the Magistrate Judge's Report need only be briefly addressed. In her objections, Plaintiff argued that the ALJ erred in "fragmentizing" the Plaintiff's ailments instead of considering the combined effect of all the impairments. Had the ALJ considered the accumulated effect of Plaintiff's ailments, he would have ruled that the Plaintiff was disabled.

The Magistrate Judge has adequately addressed this argument. In his Report, the Magistrate Judge attributed the proper weight as to the findings of the ALJ and the ALJ found that Plaintiff's multiple impairments, considered in aggregate, amounted to a *prima facie* case of disability. Once finding that the Plaintiff was disabled, the burden shifted to the Commissioner to produce evidence that jobs were available to a person in the Plaintiff's position. There is

substantial evidence that jobs were available to the Plaintiff. While the evidence presented by the Plaintiff's treating physician and the Plaintiff's inconsistent activity reports could support a finding that the Plaintiff had a lesser residual functioning capacity than the ALJ found, it is the province of the ALJ and not the reviewing court to make these credibility determinations. Therefore, Plaintiff's objections to the Magistrate Judge's Report must be rejected because they were considered and properly rejected by the Magistrate Judge at the time he issued his Report.

### III. CONCLUSION

For reasons stated herein, I will **ADOPT** the Magistrate Judge's Report and **REJECT** the Plaintiff's objections. The Commissioner's final decision denying the Plaintiff's claim for benefits will be **AFFIRMED**, and the case will be hereby **DISMISSED** from the docket of this Court.

Entered this 7th day of November, 2006.

s/Jackson L. Kiser
SENIOR UNITED STATES DISTRICT JUDGE